**The STATE of Ohio, Appellee,**

v.

**FOLK, Appellant.**

[Cite as *State v. Folk* (1991), 74 Ohio App.3d 468.]

Court of Appeals of Ohio,
Montgomery County.

No. 12116.

Decided June 6, 1991.

*Lee C. Falke,* Prosecuting Attorney, and *Pamela A. Drucker,* Assistant Prosecuting Attorney, Appellate Division, for appellee.

*Joseph A. Coates,* for appellant.

GRADY, Judge.

Wanda C. Folk appeals from her conviction in the Montgomery County Court of Common Pleas for aggravated trafficking in drugs in violation of R.C. 2925.03(A)(6). Folk was sentenced to serve an indefinite term of incarceration of three to fifteen years and was also ordered to pay a mandatory fine of $5,000. The execution of her sentence was delayed pending her appeal.

I

On June 6, 1989, the Los Angeles Police Department notified the Dayton Police Department that a package sent through Federal Express and addressed for delivery to 1724 Salem Avenue, Dayton, Ohio, had been intercepted in the course of an investigation. Los Angeles informed Dayton that, pursuant to a search warrant, it had removed and tested approximately thirty grams of the substance inside the package. The substance tested positive for cocaine.

The package, containing approximately one pound of cocaine, was sent from California via Federal Express and was received by the Dayton Police Department at about 6:00 or 7:00 a.m. on June 7, 1989. The Dayton Police Department removed about thirty-five grams of the substance for testing and repackaged the remainder, attaching a duplicated shipping label to the new package.

The Dayton police had determined that there was a single family home at 1724 Salem Avenue and that it was inhabited. On the morning of June 7, Detective Daniel Hall of the Dayton Police Department applied for and received a warrant to search 1724 Salem Avenue. His affidavit recited the facts above. It did not represent that the substance was tested in Dayton, as that procedure had apparently not yet been done.

The package was delivered to 1724 Salem Avenue later that same day by an undercover police officer, who wore the uniform of a Federal Express delivery person. Defendant appeared at the door of the residence at approximately noon on June 7, 1989, and accepted delivery of the package, signing the name "Raven Woods" on the receipt. Defendant also stated to the undercover officer, "I was expecting this package at ten o'clock." A short time thereafter, Dayton police officers executed the search warrant and confiscated the package of cocaine along with some drug paraphernalia and various personal papers of the appellant.

Appellant Wanda C. Folk was arrested and charged with aggravated trafficking in drugs. She was convicted at trial, and has filed a timely notice of appeal. Appellant presents two assignments of error.

## II

### Stipulation of Evidence

Appellant's first assignment of error states:

"The court committed prejudicial error against the defendant-appellant when the court refused to enforce a stipulation entered into by and between the parties and accepted by the court that reduced the degree of the offense charged."

The stipulation to which appellant refers states:

"MR. RION: Your Honor, I agree with the prosecutor that we stipulate the amount of dope here was two times bulk and it was a Schedule II cocaine narcotics.

"THE COURT: Is that correct?

"MR. RING: That's correct. And that will obviate the State's need to call Mr. Wathen that had been under subpoena."

At the conclusion of the trial, the court found that "the drug involved was cocaine, and that the amount was more than three times bulk." Appellant made no objection that the record was insufficient to support the finding.

Appellant was charged by indictment with trafficking in drugs, R.C. 2925.-03(A)(6), which provides:

"(A) No person shall knowingly do any of the following:

" * * *

"(6) Possess a controlled substance in an amount equal to or exceeding three times the bulk amount, but in an amount less than one hundred times that amount[.]"

Appellant's assignment of error addresses the variance between the stipulated *"two* times bulk" and the court's finding "that the amount was more than *three* times bulk," when no other evidence of quantity was presented.

■ Ordinarily, parties are bound as to all matters of fact and law concerned in their stipulations. Stipulations or agreements by an accused in the course of a criminal trial are as binding and enforceable upon him as like stipulations in a civil case. *State ex rel. Warner v. Baer* (1921), 103 Ohio St. 585, 134 N.E. 786. When conflicting inferences may be drawn from a stipulation, "the inference most favorable to the prevailing party below is to be accepted by a court of review." *Indus. Comm. v. Pora* (1919), 100 Ohio St. 218, 221, 125 N.E. 662, 663.

There is no ambiguity as to the meaning of the matter stipulated. However, the question with which we are presented is not whether the court erred in failing to "enforce" the stipulation, as no timely motion for enforcement was made. Rather, we must determine whether the evidence, including the stipulation, is sufficient to support a verdict of guilt.

■ Evidence is sufficient to support a conviction if reasonable minds could find guilt beyond a reasonable doubt when viewing the evidence in the light most favorable to the State. *State v. Hancock* (1976), 48 Ohio St.2d 147, 2 O.O.3d 333, 358 N.E.2d 273; *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184.

■ The record in its entirety convinces us that there was sufficient evidence to support a finding of guilt beyond a reasonable doubt. Based upon the charge as set out in the indictment and the nature of counsel's statement, we are convinced that the quote of "two" rather than "three" is either a transcription error or that trial counsel misspoke, intending to say "three." If

it was a transcription error and "three" was stipulated, there is no error. If counsel misspoke, the failure to make a timely objection to the verdict waives any error attributable to the variance.

Appellant's first assignment of error is overruled.

## III

### Anticipatory Search Warrant

Appellant's second assignment of error states:

"That the officers failed to show sufficient probable cause in obtaining an anticipatory search warrant and the use of evidence subsequently obtained against the defendant-appellant."

■ Both the Fourth Amendment to the United States Constitution and the Constitution of Ohio, at Section 14, Article I, provide that no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and/or things to be seized. For most search warrants, probable cause to believe that evidence of crime may be found at the place to be searched is shown by facts presently in existence and observed prior to the application for the warrant. An "anticipatory warrant" is one based upon an application showing probable cause that at some future time, but not presently, certain evidence of crime will be located at a specific place to be searched.

"Anticipatory" search warrants have been routinely upheld in various jurisdictions since about 1970. The basic rationale for allowing anticipatory search warrants is that it is reasonable for a magistrate to believe that certain controllable events will occur in the near future; for example, that the post office or a freight delivery company will deliver a package within a few hours, when responsible officials so advise the magistrate. See *United States v. Lowe* (C.A.6, 1978), 575 F.2d 1193.

"In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a *de novo* determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal

cases in this area should be resolved in favor of upholding the warrant." *State v. George* (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, syllabus.

■ It is clear that the set of facts upon which the warrant was based was wholly anticipatory regarding guilt beyond a reasonable doubt. The warrant was not, however, wholly anticipatory regarding probable cause to search. The judge had probable cause to believe that the suspected cocaine would be delivered to the place to be searched in the very near future. See, *e.g., United States v. Outland* (C.A.6, 1973), 476 F.2d 581. See, also, *United States v. Lowe* (C.A.6, 1978), 575 F.2d 1193.

■ The central issue in any Fourth Amendment review is whether the governmental intrusion is reasonable under all the facts and circumstances. Here, appellant challenges the anticipatory character of the facts supporting probable cause. It may fairly be said, however, that as a general proposition the facts put forward to justify issuance of an anticipatory warrant are more likely to establish that probable cause will exist at the time of the search than the typical warrant based solely upon the known *prior* location of items to be seized at the place to be searched. There is no probable cause defect in an anticipatory warrant "as long as the evidence creates substantial probability that the seizable property will be on the premises when searched." *People v. Glen* (1975), 30 N.Y.2d 252, 259, 331 N.Y.S.2d 656, 661, 282 N.E.2d 614, 617.

A further consideration is whether the exclusionary rule should be applied to evidence seized under an anticipatory warrant, particularly when the contraband is in the hands of police when the warrant is issued. The several factors militating against exclusion are cogently set out in the California case of *Alvidres v. Superior Court* (1970), 12 Cal.App.3d 575, 581, 90 Cal.Rptr. 682, 685–686:

"The entire thrust of the exclusionary rule and the cases which have applied it is to encourage the use of search warrants by law enforcement officials.

"One of the major difficulties which confronts law enforcement in the attempt to comply with court enunciated requirements for a 'reasonable' search and seizure is the time that is consumed in obtaining search warrants.

"The speed with which law enforcement is often required to act, especially when dealing with the furtive and transitory activities of persons who traffic in narcotics, demands that the courts make every effort to assist law enforcement in complying with the edicts that the courts themselves have issued.

"We must ask ourselves whether the objective of the rule is better served by permitting officers under circumstances similar to the case at bar to obtain a warrant in advance of the delivery of the narcotic or by forcing them to go to the scene without a warrant and there make a decision at the risk of being second-guessed by the judiciary if they are successful in recovering evidence

or contraband. We believe that achievement of the goals which our high court had in mind in adopting the exclusionary evidence rule is best attained by permitting officers to seek warrants in advance when they can clearly demonstrate that their right to search will exist within a reasonable time in the future."

In this case the judge issuing the search warrant was presented with several facts in support of probable cause. The affidavit included (1) information from the Los Angeles Police Department regarding the shipment and its contents, disclosing that the package contained cocaine, (2) facts indicating that the package was presently within the control of the Dayton Police Department, and (3) facts indicating that the regular delivery destination was 1724 Salem Avenue.

We are satisfied that the judge issuing the warrant was presented with sufficient probable cause to believe that criminal activity arising from possession of cocaine would take place at the location to be searched and that execution of the warrant under the circumstances contemplated would likely produce evidence of that crime.

Appellant's second assignment of error is overruled.

IV

Appellant's assignments of error having been overruled, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

FAIN, P.J., and WOLFF, J., concur.