This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Steven Lamont Brown has appealed from his sentence and classification as a sexual predator. This Court vacates Defendant's classification as a sexual predator and remands the matter for further proceedings consistent with this opinion.
 I.
On October 13, 2000, Defendant was indicted on one count of rape, in violation of R.C. 2907.02(A)(2), and one count of robbery, in violation of R.C. 2911.02(A)(2). On December 12, 2000, Defendant pled guilty to the rape, and the trial court dismissed the robbery charge. While taking Defendant's plea, the trial court asked the State and Defendant's attorney if they had discussed the sexual predator classification. Defendant's counsel indicated that the parties had had such a discussion. The State's attorney then stipulated that Defendant "is a sexually-oriented offender" and that he did not have a prior sexual criminal history.[1] The trial court informed Defendant of the non-probationable nature of his offense, that he would be classified as a sexually oriented offender, and that he would be required to comply with the statutory registration requirements for a period of ten years after release from prison. The State's attorney did not thereafter contest the trial court's decision to designate Defendant as a sexually oriented offender. Defendant then entered a plea of guilty, which the trial court expressly found to be knowingly, voluntarily, and intelligently made.
On January 9, 2001, notwithstanding that the trial court had accepted the plea after a commitment by the parties and the court had expressly stated that Defendant would be designated a sexually-oriented offender, Defendant was classified a sexual predator. The trial court also sentenced Defendant to a term of six years imprisonment. The court noted that Defendant had five prior arrests and that he considered Defendant to be a violent man. Defendant has appealed, asserting several arguments. He has contested both his classification as a sexual predator and the six-year prison term.
 II. A. Sexual Predator Classification
Defendant has advanced several challenges to his classification as a sexual predator. First, he has argued that there was insufficient evidence to support the trial court's determination that he is likely to engage in the future in one or more sexually oriented offenses. Next, Defendant has argued that the trial court did not comply with the notice requirements of R.C. 2950.09(B)(1) and State v. Gowdy (2000),88 Ohio St.3d 387, syllabus, when it classified him as a sexual predator. Third, Defendant has maintained that the December 12, 2000 stipulation, i.e. that Defendant would be classified as a sexually oriented offender, is binding and that the trial court's deviation therefrom constituted reversible error. In response, the State has conceded that Defendant did not receive notice of the sexual offender classification hearing and has asked this Court to remand the matter so the State can provide Defendant with the appropriate notice. Nevertheless, this Court considers the stipulation argument dispositive.
Parties are bound to all matters of fact and law in a stipulation.State v. Folk (1991), 74 Ohio App.3d 468, 471. A stipulation, once accepted by the court, is deemed adjudicated for purposes of determining the remaining issues in the case. Whitehall ex rel. Fennessy v. BambiMotel, Inc. (1998), 131 Ohio App.3d 734, 742.
In the present case, the transcript of the December 12, 2000 hearing reveals that the trial court asked the State and Defendant's attorney if the parties had considered the sexual predator classification of Defendant. The State responded that there was a stipulation that Defendant was a sexually oriented offender and did not have a prior sexual criminal history. In turn, the trial court informed Defendant that he would be classified as a sexually oriented offender at his sentencing hearing.
Based on the foregoing, Defendant knowingly and volunteeringly entered a plea of guilty to the offense of rape with a stipulation that he would be classified as a sexually oriented offender. Instead, the trial court classified Defendant as a sexual predator at his sentencing hearing. Because the State and Defendant entered into a stipulation in conjunction with Defendant's plea of guilty that he was to be classified as asexually oriented offender and the trial court accepted Defendant's plea of guilty according to such terms, this Court concludes that the trial court erred when it ignored the adjudicated stipulation and classified Defendant as a sexual predator. Defendant's arguments with regard to the December 12, 2000 stipulation and his sexual predator classification are well taken.
 B. Prison Term
Defendant has also called into question his six-year prison term. He has asserted that the trial court erred by sentencing him to a term that was more than the mandatory minimum. In short, he has argued that the evidence in the record did not support his sentence. This Court disagrees.
R.C. 2929.14 governs the imposition of prison terms for felony convictions, stating, as relevant to a sentence which exceeds the minimum statutory sentence:
 (B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
The Ohio Supreme Court has interpreted this statute and held that:
 unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.
State v. Edmonson (1999), 86 Ohio St.3d 324, 326.
At the sentencing hearing, the trial court expressly stated that "the only way * * * to protect the public and not demean the very nature of this offense" was to sentence Defendant to a term of six years. Moreover, the trial court noted that Defendant had five prior arrests and was a violent man. Based upon the foregoing, this Court concludes that the trial court made the requisite findings for imposing more than the minimum sentence. Defendant's argument to the contrary is without merit.
 III.
Defendant's sentence for a prison term of six years is affirmed. This Court vacates Defendant's classification as a sexual predator and remands the matter to the trial court. Upon remand, the trial court shall classify Defendant as a sexually oriented offender, pursuant to the stipulation accepted during the December 12, 2000 hearing.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ____________________________ BETH WHITMORE
BATCHELDER, P.J., BAIRD, J. CONCUR.
[1] This Court notes that the crime to which Defendant pled guilty is by definition a sexually oriented offense. Unless otherwise classified by the trial court at a properly noticed sexual predator hearing, such a Defendant is, without further evidence, deemed to be a sexually oriented offender, subject to all pertinent reporting provisions after release. See R.C. 2950.01(D)(1) and 2950.04.