DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a sexual offender classification hearing, determined appellant, John Martin, to be a sexual predator. For the reasons stated herein, this court affirms the judgment of the trial court.
The relevant facts underlying this appeal are as follows. On August 26, 1987, appellant was indicted on three counts of rape and one count of aggravated burglary. On November 6, 1987, appellant was convicted of all four counts; on November 9, 1987, appellant was sentenced. On January 20, 1989, this court affirmed that conviction.
On March 13, 2001, a sexual offender classification hearing was held. At the hearing, appellant's trial counsel stipulated that an agreement had been reached for appellant's classification as a sexual predator.[1]
The trial court then found appellant to be a sexual predator. The trial court's decision was journalized on March 16, 2001. Appellant filed a timely notice of appeal.
Appellant sets forth the following assignment of error:
 "Defendant-Appellant Was Denied Due Process of Law as a Result of the Ineffectiveness of His Trial Counsel and the Failure of Trial Court to Conduct a Hearing in Compliance with the Provisions of R.C. § 2950.01
et seq."
In his assignment of error, appellant first argues that he was deprived of his constitutional right of effective assistance of counsel. This court finds no merit in this contention.
A sexual offender classification hearing pursuant to R.C. 2950.09(B) is civil in nature, State v. Gowdy (2000), 88 Ohio St.3d 387, 398, and, thus, appellant's Sixth Amendment right to counsel under the United States Constitution is not implicated, State v. Wilson (Nov. 13, 2000), Fayette App. No. CA99-09-024, unreported. However, R.C. 2950.09(B)(1) provides that an offender has "the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender." Therefore, even though appellant's right to counsel does not arise under the United States and Ohio Constitutions, appellant does have a right to effective assistance of counsel at a sexual offender classification hearing pursuant to R.C. 2950.09(B)(1).
In order to prove that appellant's counsel was ineffective during this hearing, appellant must show that: (1) counsel's actions were outside the wide range of professionally competent assistance; and (2) appellant was prejudiced as a result of counsel's actions. Strickland v. Washington
(1984), 466 U.S. 668, 686-687. Prejudice will not be found unless appellant demonstrates there is a reasonable possibility that, if not for counsel's errors, the result of the proceeding would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, 143, certiorari denied (1990), 497 U.S. 1011. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland,466 U.S. at 694. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."Id. at 700.
Appellant has failed to show "there is a reasonable possibility that, if not for counsel's errors, the result of the proceeding would have been different." Bradley, supra. This failure defeats the ineffectiveness claim. After a careful review of the record, we are not convinced that the result of the hearing would have been any different had counsel not stipulated to the classification.
Appellant next contends in his assignment of error that the trial court failed to conduct a hearing in compliance with the provisions of R.C. § 2950.01 et seq. This court finds no merit in this contention.
A stipulation is a "voluntary agreement * * * concerning [the] disposition of some relevant point so as to obviate [the] need for proof[.]" Burdge v. Bd. of Cty. Commrs. (1982), 7 Ohio App.3d 356, 358, quoting Black's Law Dictionary (5 Ed. 1979) 1269. Appellant agreed to the stipulation relative to his sexual offender classification. Appellant is thus bound as to all matters of fact and law concerned in the stipulation. State v. Folk (1991), 74 Ohio App.3d 468, 471.
In State v. Carnail (Nov. 8, 2001), Cuyahoga App. No. 78921, unreported, the Eighth Appellate District determined that, "a stipulation to a sexual predator classification is automatic and relieves the court of any need to conduct a hearing." (Citations omitted.) The Ninth Appellate District, in rejecting a challenge that the trial court's determination was against the manifest weight of the evidence, reached a similar conclusion in State v. Clay (Feb. 16, 2000), Summit App. No. 19561, unreported, and stated:
 "We recently held that `by stipulating to a particular designation and the related reporting and community notification requirements [pursuant to R.C. Chapter 2950], [the defendant] has waived his right to complain about the trial court's imposition of the same [designation].' State v. Brintzenhofe (May 12, 1999), Summit App. No. 18924, unreported. Consequently, we conclude that Mr. Clay waived his right to argue about the trial court's designation of Mr. Clay as a sexual predator, as Mr. Clay had stipulated to this designation at the hearing." (LEXIS cite omitted.)
See, also, State v. Maggy (Sept. 26, 2001), Medina App. No. 3127-M, unreported (no hearing required when defendant stipulates to sexual predator status).
In addition, the doctrine of invited error applies. Under that doctrine, a party cannot "take advantage of an error which he himself invited or induced." State v. Campbell (2000), 90 Ohio St.3d 320, 324. Being invited error, appellant cannot now complain seeking to undo that error and any prejudice it may have caused at the classification hearing. State v. Kniep (1993), 87 Ohio App.3d 681, 686. Therefore, that part of appellant's assignment of error in which he argues that the trial court failed to conduct a hearing in compliance with the provisions of R.C. § 2950.01 et seq. is found not well taken.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court affirms the judgment of the Lucas County Court of Common Pleas. It is ordered that appellant pay the court costs for this appeal.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., George M. Glasser,J., JUDGES CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] At the sexual offender classification hearing, the following exchange occurred:
 "Court: The Court understands an agreement has been reached.
"[Defense Counsel]: Yes, Your Honor.
 "Court: That agreement for classification as I understand is sexual predator?
"[Defense Counsel]: That's correct.
"Court: Mr. Prosecutor, is that the agreement?
 "[Prosecutor]: Yes, Judge. That agreement is supported by a document faxed to this Court by ODRC. The date at the bottom shows 2-28-97, but was faxed March 9th, 2001. Provided to defense counsel as well.
 "Court: The Court is going to accept that agreement. Court notifies you, Mr. Martin, sir, that you have been convicted of a sexually oriented offense as defined in Revised Code 2950.01. You are a sexual predator.
"* * *
 "[Defense Counsel]: Judge, I'm going to have Mr. Martin execute this form. I did want to indicate at his request, and I think it's appropriate, that he does have his case pending right now in the Sixth District — I'm sorry, in the Sixth Circuit Court, Federal Court in Cincinnati, and it is a challenge to the underlying conviction for which he is now serving time. That matter is on appeal. The appeal has been accepted by the Court and has been remanded, and he — what I think is appropriate for me to indicate, because I'm confident that I've advised him properly, is that if subsequent to today's date that conviction is overturned, it's my understanding that the 2950 classification would similarly be dismissed if that conviction would be set aside. He certainly wants to protect those rights, and I've advised him of that.
 "Court: Court understands that, so long as the underlying conviction, which is the basis for this classification.
"[Defense Counsel]: Yes, sir.
"Court: You agree, Mr. Prosecutor?
"[Prosecutor]: We do, Judge."