OPINION
{¶ 1} Defendant-appellant, State Auto Insurance Company, appeals a decision of the Butler County Court of Common Pleas determining the priority of payment among three insurance companies for underinsured motorist coverage.
 {¶ 2} Donna Robinson was injured when a vehicle operated by James Quillen struck her vehicle from behind. Robinson and her husband, David, filed a complaint against Quillen, his insurance company, and State Auto, who insured Robinson's vehicle. The Robinsons also included Coregis Insurance Company, who insured Donna Robinson's employer, and Hartford Insurance Company, who insured David Robinson's employer, as defendants.
 {¶ 3} Quillen's insurance company, Progressive, paid the $12,500 liability limits of its policy to Robinson with the approval of the other insurers. The remaining three insurers settled with Robinson for $31,500 above the liability payments she had already received.
 {¶ 4} The remaining three insurance companies entered into agreed stipulations and filed motions for summary judgment, requesting the trial court determine the priority of payment between the three companies. The trial court determined that State Auto provided the primary insurance coverage and that Hartford and Coregis were excess insurers and proportioned the parties' liability accordingly. Because the amount paid to the Robinsons was within the limits of State Auto's underinsured coverage, State Auto was found liable for the entire amount.
 {¶ 5} State Auto now appeals the trial court's decision that it is the primary policy and that Hartford and Coregis are excess insurers. State Auto raises the following single assignment of error for our review:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT STATE AUTO BY DENYING ITS MOTION FOR SUMMARY JUDGMENT AND BY GRANTING SUMMARY JUDGMENT TO DEFENDANTS HARTFORD AND COREGIS."
 {¶ 7} As mentioned above, this case involves determining the priority of payments between three insurers. State Auto provided personal coverage for Donna Robinson's 1997 Honda Accord that she was driving at the time of the accident. The policy included UIM coverage limits of $250,000 per person/$500,000 per accident.
 {¶ 8} At the time of her accident, Donna Robinson was employed with Miami University, which was insured by a policy with Coregis that included UIM coverage with a limit of $1,000,000 per occurrence. At the time of the accident, David Robinson was employed by AK Steel, which was insured by a policy with Hartford that included UIM coverage with a limit of $2,000,000 per occurrence. Coregis and Hartford stipulated that coverage was afforded under their policies by law pursuant toScott-Pontzer v. Liberty Mutual Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292.[1]
 {¶ 9} In determining which insurance coverage was primary, the trial court found that State Auto specifically bargained to provide the Robinsons with UIM coverage and that the UIM coverage under the Hartford and Coregis policies could only be implied as a matter of law underScott-Pontzer and its progeny. The court then found that the State Auto policy provided primary coverage and that the Hartford and Coregis policies provided excess coverage.
 {¶ 10} State Auto contends that the trial court erred in finding Coregis and Hartford provided excess insurance. Instead, State Auto argues that all three policies are primary and that the payment should be apportioned between the three insurance companies on a pro-rata basis according to policy limits.
 {¶ 11} It is well-settled that an insurance policy is a contract and that the relationship between the insured and the insurer is purely contractual in nature. Nationwide Mut. Ins. v. Marsh (1984),15 Ohio St.3d 107, 109. Thus, we begin our analysis by examining the pertinent language of the three insurance contracts before us as they relate to priority of coverage.
State Auto
 {¶ 12} Under the "Other Insurance" section of the contract, it states:
 {¶ 13} "If there is other applicable insurance available under one or more policies or provisions of coverage:
 {¶ 14} "1. * * *
 {¶ 15} "2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis.
 {¶ 16} "3. If the coverage under this policy is provided:
 {¶ 17} "a. On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.
 {¶ 18} "b. On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis."
Coregis
 {¶ 19} The Coregis policy provides the following language under the "Other Insurance" provision:
 {¶ 20} "For any covered `auto' you own, this Coverage Form provides primary insurance. For any covered `auto' you don't own, the insurance provided by this Coverage form is excess over any other collectible insurance.
 {¶ 21} "* * *
 {¶ 22} "d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis."
Hartford
 {¶ 23} The "Other Insurance" provision of the Hartford policy states:
 {¶ 24} "If there is other applicable insurance available under one or more policies or provisions of coverage:
 {¶ 25} "a. * * *
 {¶ 26} "b. Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible uninsured motorists insurance providing coverage on a primary basis.
 {¶ 27} "c. If coverage under this Coverage Form is provided:
 {¶ 28} "(1) On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.
 {¶ 29} "(2) On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis."
Analysis of the "Other Insurance" Clause
 {¶ 30} The State Auto policy states that coverage is excess with respect to a vehicle "you do not own." In the State Auto policy, "you" is defined as "the named insured" and "the spouse if a resident of the same household." Donna Robinson is listed as a "named insured." Because the 1997 Honda Accord involved in the accident belonged to Donna Robinson,[2]
it was an owned auto according to the policy and the coverage is primary.
 {¶ 31} Both the Coregis and Hartford policy provide that coverage is primary for an auto "you" own and excess for an auto "you" do not own. Coregis argues that "you" refers to the named insured in the policy, Miami University. Hartford argues that the named insured in its policy is AK Steel and that because Donna Robinson was driving an auto she owned, coverage is excess. In addition, both Coregis and Hartford cite to decisions from various Ohio Courts of Common Pleas which support their position that coverage under the Scott-Pontzer policies should be excess because the parties did not intend the coverage and no premiums were paid toward the UIM coverage.
 {¶ 32} However, all of the appellate districts which have considered the priority of payment between UIM carriers whenScott-Pontzer carriers are involved have come to the opposite conclusion. See Marshall v. Colonial Ins. Co., Trumbull Co. App. No. 2001-T-0145, 2003-Ohio-2367 (Eleventh District); Poulton v. AmericanEconomy Ins. Co., Stark App. Nos. 2002-CA-00038, 2002-CA-00061,2002-Ohio-7214 (Fifth District); Shaw v. State Farm Ins. Co., Cuyahoga Co. App. No. 80471, 2002-Ohio-5330 (Eight District); Kasson v. Goodman, Lucas App. No. L-01-1432, 2002-Ohio-3022 (Sixth District); United OhioCo. v. Bird (May 18, 2001), Delaware App. No. 00CA 31 (Fifth District).
 {¶ 33} In these cases, the courts examined the "other insurance" provisions of the insurance policies to determine the priority of payment and looked to the Scott-Pontzer decision for guidance. In Scott-Pontzer, the court found an ambiguity in the term "you" as used in the "Who is an Insured" provision and judicially defined the term to include not only the corporation as the named insured, but also its employees. SeeScott-Pontzer at 664.
 {¶ 34} In interpreting "Other Insurance" provisions, the appellate courts above examined the reasoning in Scott-Pontzer and determined that once an ambiguity was found in the term "you," the term should be interpreted in the same manner throughout the policy. Similarly, this court has previously found that in interpreting a "Prompt Notice" provision, the term "you" should have the same interpretation throughout the policy. Pioneer Ins. Co. v. Kirby, Warren App. No. CA2002-06-050,2003-Ohio-643. Thus, we are compelled to apply the same reasoning to the case before us and interpret the term "you" to include not only the employer, but also the employee, in interpreting the policies that provide Scott-Pontzer coverage.[3]
 {¶ 35} We now turn again to the language of the policies to determine whether the coverage is excess or primary. As mentioned above, both policies essentially provide primary coverage when the automobile involved is one "you own" and excess coverage when the automobile is one "you do not own."
 {¶ 36} With regard to the Coregis policy, this language must be interpreted to read "for any covered auto [Miami University or Donna Robinson] own[s], this Coverage provides primary coverage." The parties do not dispute that the 1997 Honda involved in the accident belonged to Donna Robinson, and so, coverage under the Coregis policy is primary.
 {¶ 37} The Hartford policy presents a more complex problem. When substituting the employer and employee for "you" in the policy, it reads, "Any insurance we provide with respect to a vehicle [AK Steel or David Robinson] do[es] not own shall be excess." According to the parties, Donna Robinson was driving her 1997 Honda Accord at the time of the accident. Thus, the policy provides excess coverage. In examining this type of issue, the Fifth District applied the same reasoning to a case involving an employee whose family member was injured in an accident in an automobile not owned by the employee. Bertsch v. Nationwide MutualIns. Co., Richland App. No. 02 CA 49, 2003-Ohio-1105. Although, like this case, Scott-Pontzer coverage existed because the employee's policy included family members in the definition of an "insured," the coverage was excess because the automobile involved did not belong to the employee. Id. Coverage to family members is provided under the "Who is an Insured" provision, which, in Scott-Pontzer and the policies at issue in this case, defines an "insured" as: 1) You and; 2) If you are an individual, your family members.
 {¶ 38} Thus, we conclude that the State Auto and Coregis policies provide primary coverage and the Hartford policy provides excess coverage. We realize that this conclusion may be viewed as a result not intended by the parties to the insurance contracts at issue and that the trial court's decision attempted to provide a fair and reasonable priority of payment. However, in Scott-Pontzer, the Ohio Supreme Court acknowledged that its decision may not be viewed as the result intended by the parties, but the court did not reform the policies. SeeScott-Pontzer at 666. Likewise, we decline to adopt an equitable solution when the Supreme Court could have done so, but did not.[4]
 Medical Payments
 {¶ 39} On appeal, State Auto also contends that it is entitled to recover payments made to the Robinsons pursuant to the policy's Medical Payments coverage. The trial court determined that State Auto may not recover this amount from Hartford or Coregis in its decision.
 {¶ 40} On appeal, State Auto simply argues that it is entitled to reimbursement for medical payments coverage because all three policies provide medical payment coverage and it should not be required to bear the full cost of the coverage. However, underinsured motorist coverage and coverage pursuant to a medical payments provision are two separate types of coverage. See Berrios v. State Farm Ins. Co., 98 Ohio St.3d 109,2002-Ohio-7115.
 {¶ 41} We recognize that appellant is not attempting to set off any amounts it paid under its medical payments coverage from UIM coverage, as in Berrios. However, appellant has failed to affirmatively demonstrate that there is medical coverage under the Hartford and Coregis policies or that it would be entitled to subrogation of these amounts. Appellant broadly asserts that it is entitled to subrogation of the medical bills it has paid, but does not support its argument with citations and language of the policies providing medical payments coverage, or those provisions providing for subrogation. See App.R. 12(A)(2). Subrogation for medical payments is not automatically available simply because UIM coverage arises by operation of law, and, in fact, Hartford disputes that its policy provides for medical payments at all.
 {¶ 42} Given the fact that appellant has failed to support its argument with authorities, or portions of the record on which it relies, we find no merit to the argument that it is entitled to subrogation of the medical payments coverage.
 {¶ 43} In conclusion, we find that the trial court erred in granting summary judgment in favor of Coregis on the issue of whether its coverage was primary or excess. We find that the trial court correctly found that the Hartford policy was excess, but for different reasons than those expressed in the trial court's decision. We further find that the trial court did not err in determining that State Auto is not entitled to subrogation from either Hartford or Coregis for medical payments paid to the Robinsons.
 {¶ 44} Judgment affirmed in part and reversed in part, and remanded to the trial court to determine the proportion and precise amount of payment between State Auto and Coregis.
VALEN, P.J., and POWELL, J., concur.
[1] We note that on appeal, Hartford argues that it is not liable for UIM benefits pursuant to Scott-Pontzer because of an "Other Owned Auto" exclusion in the policy. However, Hartford stipulated that it was liable for UIM benefits, and parties are ordinarily bound as to all matters of fact and law concerning their stipulations. State v. Folk (1991),74 Ohio App.3d 468, 471.
[2] The parties stipulated that Donna Robinson was driving her 1997 Honda Accord at the time of the accident.
[3] The Coregis and Hartford polices both provide definitions of "an insured" that are virtually identical to the provisions in Scott-Pontzer
which were interpreted to include not only the company, but also its employees.
[4] We recognize that one of the appellate court decisions on the priority of payment issue has been accepted by the Ohio Supreme Court for review. See Shaw v. State Farm Ins. Co., 98 Ohio St.3d 1474,2003-Ohio-904. However, until a decision is issued on that case, we are compelled to follow the legal reasoning expressed above based on theScott-Pontzer decision.