[Cite as *State v. Woods*, 2016-Ohio-1103.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2015-CA-75 |
| | : | |
| v. | : | T.C. NO. 15CR80 |
| | : | |
| JACK L. WOODS | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

# O P I N I O N

Rendered on the ___18th___ day of ___March___, 2016.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty, Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

JULIA B. PEPPO, Atty. Reg. No. 0037172, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} Defendant-appellant Jack L. Woods appeals his conviction and sentence for one count of attempted vandalism, in violation of R.C. 2909.05(B)(1)(a) and 2923.02, a felony of the fifth degree, and one count of breaking and entering, in violation R.C. 2911.13(A), also a felony of the fifth degree. Woods filed a timely notice of appeal with

this Court on July 28, 2015.

{¶ 2} The incident which forms the basis for the instant appeal occurred on January 30, 2015, when Woods drove his vehicle through the front door of a Howard's IGA located at 4851 Security Drive in Springfield, Ohio. The building was severely damaged as a result of Woods' conduct. On February 17, 2015, Woods was indicted for one count of vandalism and one count of breaking and entering. At his arraignment on February 25, 2015, Woods pled not guilty to the charges in the indictment.

{¶ 3} On June 3, 2015, Woods withdrew his plea of not guilty and entered a plea of guilty to one count of attempted vandalism and one count of breaking and entering. The plea agreement signed by Woods included an explicit provision that he would be subject to a restitution order in the amount of $10,407.70, the cost incurred by the victim to repair his store. Not only did Woods not object to the order of restitution, he agreed to it. In exchange for Woods' guilty plea, the State agreed to remain silent at sentencing. The trial court accepted Woods' plea and found him guilty. A pre-sentence investigation report was ordered, and the sentencing hearing was scheduled.

{¶ 4} At Woods' sentencing hearing on July 2, 2015, the trial court merged the attempted vandalism charge with the charge for breaking and entering. The State requested that the trial court sentence Woods on the offense of breaking and entering. Thereafter, the trial court sentenced Woods to twelve months in prison and ordered him to pay restitution in the amount of $10,407.70.

{¶ 5} It is from this judgment that Woods now appeals.

{¶ 6} Woods' sole assignment of error is as follows:

{¶ 7} "THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS

BY FAILING TO DETERMINE THAT THE AMOUNT OF RESTITUTION ORDERED WAS REASONABLY RELATED TO THE ACTUAL DAMAGE OR LOSS SUFFERED BY THE VICTIM."

{¶ 8} In his sole assignment, Woods contends that the trial court erred when it ordered him to pay restitution in the amount of $10,407.70. Specifically, Woods argues that he requested a restitution hearing at sentencing in order to determine what amount, if any, had already been paid to the victim by his insurance company so that amount could be deducted from the total restitution order.

{¶ 9} Plea agreements are contractual in nature and are subject to contract law principles. *Smith v. Ohio Adult Parole Authority,* 2d Dist. Champaign No. 2009 CA 22, 2010–Ohio–1131, ¶ 36; *State v. Dillon,* 2d Dist. Darke No. 05 CA 1674, 2006–Ohio–4931, ¶ 21. If one party breaches the plea agreement, the remedies for the breach include the traditional contractual remedies of rescission and specific performance. *State v. Johnson,* 2d Dist. Greene No. 06 CA 43, 2007–Ohio–1743, ¶ 20, citing *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

{¶ 10} A trial court abuses its discretion when it orders restitution that does not bear a reasonable relationship to the actual financial loss suffered. *State v. Williams,* 34 Ohio App.3d 33, 34, 516 N.E.2d 1270 (2d Dist.1986). Therefore, we review a trial court's order of restitution under an abuse-of-discretion standard. *See State v. Naylor,* 2d Dist. Montgomery No. 24098, 2011-Ohio-960, ¶ 22. The abuse of discretion standard is defined as " '[a]n appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, illegal, or unsupported by the evidence.' " *State v. Boles,* 187 Ohio App.3d 345, 2010-Ohio-278, 932 N.E.2d 345, ¶ 18 (2d Dist.), quoting

Black's Law Dictionary (8th Ed.2004).

{¶ 11} R.C. 2929.18(A)(1) allows a trial court to order, as a financial sanction, an amount of restitution to be paid by an offender to his victim "based on the victim's economic loss. * * * If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." *Id.*

{¶ 12} A defendant who does not dispute an amount of restitution, request a hearing, or otherwise object waives all but plain error in regards to the order of restitution. *State v. Cochran,* 2d Dist. Champaign No. 09CA0024, 2010-Ohio-3444, ¶ 19, citing *State v. MacQuarrie,* 2d Dist. Montgomery No. 22763, 2009-Ohio-2182. At the plea hearing, the following exchange occurred:

> The Court: *** The Court has been handed a written plea of guilty to an amended charge of attempted vandalism, a felony of the fifth degree, and to the indicted charge of B and E as a felony of the fifth degree. The parties understand a presentence investigation will be conducted and that the State will remain silent at disposition. *There's restitution being agreed upon in the amount of $10,407.70.* Are those all of the terms of the plea agreement as understood by the State?

The State: Yes, Your Honor.

The Court: Are those all the terms of the agreement as understood by the Defense?

Defense Counsel: *Yes, Judge.*

**{¶ 13}** The plea agreement signed by Woods specifically stated "[r]estitution agreed [sic] in the amount of $10,407.70." Woods' PSI also directly referenced the agreed upon restitution amount and stated as follows: "[t]he restitution is agreed to in the amount of $10,407.70. This amount is to be paid to the Probation Department for forwarding to the victim, Howard Dodds, 3701 Johnson Rd., Springfield, OH 45502."

**{¶ 14}** At Woods' sentencing hearing, the following exchange occurred:

The Court: *** Information in the [PSI] indicates financial damage caused to the victim is $10,407.70. It's therefore the order of the Court that the Defendant pay restitution in the amount of $10,407.70 to Howard Dodds, the victim in this case. That's to be paid through the Probation Department plus a 5 percent handling fee.

***

Defense Counsel: Judge, I just have one other thing.

The Court: Yes, Mr. Marshall.

Defense Counsel: *In the plea form, we agreed the restitution was in the amount of $10,407.70.* However, this was a business and it would be my expectation the business was covered and the restitution was probably paid for by insurance. *So we would ask for a hearing on the amount of restitution, not necessarily a hearing before the Court but just a call from the*

*Probation Department to the business owner to see how much of this was covered by the insurance, if any.*

The Court: Did you talk with the business?

Probation Department: I did. That was the document.

Defense Counsel: I doubt they were asked about insurance.

The Court: Ask them about insurance. Contact them and ask them about insurance.

Probation Dept.: Okay

The Court: Have them send a statement to us if the matter was covered by insurance. If I find it was covered by insurance, then the restitution will be adjusted pursuant to whatever the out-of-pocket damage was to the victim himself.

{¶ 15} As part of his plea agreement, Woods agreed to pay restitution in the amount of $10,407.70 to the victim, Howard Dodds. At no time prior to or after pleading guilty to attempted vandalism and breaking entering did Woods dispute the stipulated amount. There is simply speculation about insurance. The amount of $10,407.70 due to Dodds for the damage to his business was set forth in the bill of particulars filed by the State and Woods' PSI as well. " 'A sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted.' *State v. Banks*, 2d Dist. Montgomery No. 20711, 2005-Ohio-4488, ¶ 5. 'Implicit in this principle is that the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered.' *State v. MacQuarrie*, 2d Dist. Montgomery No. 22763, 2009-Ohio-2182, ¶ 7." *State v. Moore*, 2d Dist. Clark No. 2010 CA 55, 2010-Ohio-6226, ¶ 11.

**{¶ 16}** Significantly, there is no evidence in the record before us that Dodds' business was, in fact, insured or that he received any payment from or submitted a claim to an insurance company to repair his business. Here, Woods entered into a plea agreement that explicitly ordered him to pay $10,407.70 in restitution. The dollar amount was never placed in dispute. *State v. Folk*, 74 Ohio App.3d 468, 471, 599 N.E.2d 334 (2d Dist.1991). Therefore, we conclude that the record provides the competent, credible evidence needed to support the trial court's order, and we see no abuse of discretion as to the trial court's imposition of the $10,407.70 in restitution.

**{¶ 17}** Woods's sole assignment of error is overruled.

**{¶ 18}** Woods' sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders
Julia B. Peppo
Hon. Richard J. O'Neill