[Cite as *State v. Brandenburg*, 2024-Ohio-5943.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30116 |
| | : | |
| v. | : | Trial Court Case No. 2023 CR 02695 |
| | : | |
| STEPHANIE BRANDENBURG | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on December 20, 2024

. . . . . . . . . . .

CHARLES W. SLICER, III, Attorney for Appellant Merker Iron

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee State of Ohio

STEPHEN H. ECKSTEIN, Attorney for Appellee Stephanie Brandenburg

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Appellant Merker Ornamental Iron, Inc. ("Merker Iron") appeals from a judgment of the Montgomery County Court of Common Pleas insofar as the sentence it imposed on defendant-appellee Stephanie Brandenburg did not include an order of

restitution. Specifically, Merker Iron contends that the trial court violated its rights under Article I, Section 10a of the Ohio Constitution by failing to hold a restitution hearing and by failing to order Brandenburg to pay Merker Iron restitution as part of her community control sanctions for her conviction related to stealing from the company. For the reasons outlined below, we disagree with Merker Iron's claims and will affirm the judgment of the trial court.

**Facts and Course of Proceedings**

{¶ 2} On October 11, 2023, a Montgomery County grand jury returned a two-count indictment charging Brandenburg with one count of theft and one count of grand theft. The charges stemmed from allegations that, while in the employment of Merker Iron, Brandenburg contacted customers who had been given estimates for services and told them that if they submitted a cash payment to her directly, they would receive a discount. It was alleged that for almost a two-year period, Brandenburg would pocket the cash she received from Merker Iron's customers and then falsify contracts and deposit slips to cover up her wrongdoing. As a result, Merker Iron either completed work without payment or reneged on contracts and repaid cash to customers.

{¶ 3} After plea negotiations, Brandenburg agreed to plead no contest to one first-degree-misdemeanor count of possession of criminal tools in exchange for the State's dismissal of the indicted theft charges. As part of the plea agreement, the State also agreed that Brandenburg would serve no jail time and pay no restitution. During Brandenburg's plea hearing, Merker Iron had a representative in attendance who advised

the trial court that Merker Iron was not in agreement with Brandenburg's plea deal. In expressing Merker Iron's displeasure with the plea deal, the representative ("the victim's representative") explained that Brandenburg's criminal conduct had caused the corporation over $100,000 in economic loss and almost put it out of business. The victim's representative also stated the following:

> We realized we're probably not ever going to get restitution. We did not agree to that but because we did get partial payment from our insurance company to help us because it was also during COVID, that's – she told us that that's why we don't get any restitution. So that's the law, whatever.
>
> . . .
>
> In closing, we ask the Court to consider the damage she's caused to a local business. We're afraid she'll do it again. She denied it all over town. She has defamed my brother and our business. . . . Everyone's told me, [Brandenburg] says you're a liar. She didn't do this.
>
> She's not repentant. She's not remorseful. We just would appreciate an additional judgment on her, jail time, perhaps weekends. Something besides this plea deal, which, in our opinion, is merely a smack on the hand. And that's all I have to say.

Plea Hearing Tr. (Mar. 12, 2024), p. 8-9.

{¶ 4} Following those comments, the trial court conducted a plea colloquy with Brandenburg, accepted her no contest plea, and found her guilty of possession of criminal tools. Instead of proceeding immediately to sentencing, the trial court decided that it

wanted more time to consider Merker Iron's wishes. Therefore, the trial court scheduled Brandenburg's sentencing hearing for the following week.

{¶ 5} At the sentencing hearing, the trial court noted that it had "continued sentencing in this case from last week because [the trial court] wanted time to consider the position of the victim and [its] request for jail time in this case." Sentencing Hearing Tr. (Mar. 19, 2024), p. 22-23. The trial court thereafter stated that it understood Merker Iron's "insurance company has made restitution or has made a payment on the claim to the victim." *Id.* The victim's representative, who attended the sentencing hearing, did not object to any of the trial court's statements. When the trial court gave the victim's representative an opportunity to speak, the victim's representative made only the following statement: "I'd just ask for a no contact order as well on Ms. Brandenburg for the company." *Id.* Thereafter, the trial court sentenced Brandenburg to community control sanctions with several special conditions, none of which required Brandenburg to pay restitution to Merker Iron. At no point in time did the victim's representative object to Brandenburg's sentence or request a restitution hearing.

{¶ 6} Merker Iron now appeals from Brandenburg's sentence, raising a single assignment of error for review.

**Assignment of Error**

{¶ 7} Under its assignment of error, Merker Iron contends that the trial court erred by failing to hold a restitution hearing and by failing to award it restitution for the economic loss it suffered as a result of Brandenburg's criminal conduct. In support of its argument,

Merker Iron claims that by advising the trial court of its economic loss at the plea hearing and by asking the trial court "to consider the damage [Brandenburg's] caused to a local business," it effectively requested financial sanctions, which should have led to an order of restitution. Plea Hearing Tr., p. 9. Upon review, we find that Merker Iron's argument fails for multiple reasons.

{¶ 8} Article I, Section 10a of the Ohio Constitution, commonly known as "Marsy's Law," provides victims of crime with certain rights. The victim, an attorney for the government, or another lawful representative of the victim may assert the rights enumerated in Marsy's Law "in any proceeding involving the criminal offense . . . against the victim[.]" Ohio Const., art. I, § 10a(B). Among the rights afforded by Marsy's Law is the victim's right "to full and timely restitution from the person who committed the criminal offense . . . against the victim." Ohio Const., art. I, § 10a(A)(7).

{¶ 9} Although there may be no question that a victim has the right to seek and be awarded restitution under Marsy's Law, "like most constitutional rights, this right can be forfeited if it is not invoked as necessary or required." (Citations omitted.) *State v. Brasher*, 2022-Ohio-4703, ¶ 25. "When that right is not invoked at the defendant's trial or raised on direct appeal, thereby eliminating the availability of that remedy, victims must then turn to the civil-justice system to seek compensation from the offender in order to be made whole." *Id.* at ¶ 27. Indeed, "[e]ven constitutional rights 'may be lost as finally as any others by a failure to assert them at the proper time.' " *State v. Murphy*, 91 Ohio St.3d 516, 532 (2001), quoting *State v. Childs*, 14 Ohio St.2d 56, 62 (1968). "No procedural principle is more familiar to this Court than that a constitutional right may be

forfeited in criminal . . . cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." (Citations omitted.) *Yakus v. United States*, 321 U.S. 414, 444, (1944).

**{¶ 10}** In *Brasher*, the Supreme Court of Ohio explained that when the victims in that case "requested enforcement of their constitutional rights *by submitting their restitution request* and the trial court denied that relief, they . . . had clear standing to appeal the restitution portion of Brasher's sentence." (Emphasis added.) *Brasher* at ¶ 23. In this case, however, unlike the victims in *Brasher*, Merker Iron never submitted a request for restitution. Although the victim's representative expressed displeasure with Brandenburg's plea deal, she also stated to the trial court that Merker Iron was "probably not ever going to get restitution" because it had received "partial payment from [its] insurance company" and conceded "that's the law[.]" Plea Hearing Tr., p. 8.

**{¶ 11}** Although the victim's representative went on to advise the trial court about the economic loss Merker Iron had sustained as a result of Brandenburg's criminal conduct and presented the trial court with a binder of "over 72 contracts and dozens of deposit slips that [Brandenburg] falsified[,]" the fact remains that the victim's representative never specifically asked the trial court to award Merker Iron restitution. *Id.* at 8. Instead, the victim's representative requested that the trial court "consider the damage [Brandenburg] caused to a local business" and impose "an additional judgment on her, jail time, perhaps weekends." *Id.* at 9. The record indicates that the trial court interpreted that request as Merker Iron's asking the court to impose jail time on Brandenburg, not restitution. *See* Sentencing Tr., p. 23. We find it significant that the

victim's representative did not object to or correct the trial court's interpretation of Merker Iron's request and never followed up with a request for restitution.

{¶ 12} Moreover, during the sentencing hearing, the victim's representative raised no objection after the trial court stated that it understood Merker Iron's insurance company "ha[d] made restitution or ha[d] made a payment on the claim to the victim." *Id.* When given the chance to speak shortly thereafter, the victim's representative did not say anything about restitution but simply asked the trial court "for a no contact order . . . on Ms. Brandenburg for the company." *Id.* The victim's representative also did not raise any objection or request a restitution hearing after the trial court sentenced Brandenburg to community control sanctions without a condition requiring Brandenburg to pay Merker Iron restitution. Therefore, contrary to Merker Iron's claim otherwise, we find that the victim's representative never requested restitution and thus never invoked its constitutional right to restitution during the trial court proceedings.

{¶ 13} Although the language of *Brasher* indicates that a victim's right to restitution can be alternatively invoked on direct appeal, *see Brasher,* 2022-Ohio-4703, at ¶ 27, " '[i]t is settled law that issues raised for the first time on appeal and not having been raised in the trial court are not properly before this court and will not be addressed.' " *State v. Luther*, 2021-Ohio-2697, ¶ 21 (2d Dist.), quoting *State v. Schneider*, 1995 WL 737910, *1 (2d Dist. Dec. 13, 1995). Therefore, because Merker Iron never argued for the trial court to award it restitution during the trial court proceedings, that issue has been waived for appeal.

{¶ 14} Regardless, even if we agreed with Merker Iron's claim that the victim's

representative effectively requested restitution via the statements she made to the trial court, it is also well settled that "[a] defendant who does not dispute an amount of restitution, request a hearing, or otherwise object waives all but plain error in regards to the order of restitution." *State v. Snowden*, 2019-Ohio-3006, ¶ 88 (2d Dist.), citing *State v. Woods*, 2016-Ohio-1103, ¶ 12 (2d Dist.); *accord State v. Donaldson*, 2023-Ohio-234, ¶ 54 (2d Dist.). To show plain error, a defendant must demonstrate that "an error occurred, that the error was obvious, and that there is 'a reasonable probability that the error resulted in prejudice,' meaning that the error affected the outcome of the [proceeding]." (Emphasis deleted.) *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, quoting *State v. Rogers*, 2015-Ohio-2459, ¶ 22.

{¶ 15} Here, the record establishes that the victim's representative did not request a restitution hearing or object to the trial court's failure to award it restitution during the sentencing hearing. Accordingly, the trial court's failure to award Merker Iron restitution must be reviewed for plain error. *See State v. LeGrant*, 2014-Ohio-5803, ¶ 9 (2d Dist.). Because the victim's representative conveyed her belief that restitution was not recoverable due to Merker Iron's receipt of an insurance payment for its economic loss, we cannot say that the trial court's failure to award restitution was an obvious error that affected the outcome of the proceeding. That is, there was no obvious error because the victim's representative advised the trial court that restitution was not recoverable. Given that information, Merker Iron cannot establish that the trial court's failure to award it restitution amounted to plain error.

{¶ 16} With regard to the failure to hold a restitution hearing, we note that "the

rights provided under Marsy's Law do not exist in a vacuum and still must be construed within the valid and unchanged statutory framework for restitution set forth by the General Assembly." *State v. Yerkey*, 2020-Ohio-4822, ¶ 26 (7th Dist.) *aff'd*, 2022-Ohio-4298, ¶ 6-7 and ¶ 19. As relevant to this case, R.C. 2929.28, the statute governing financial sanctions for misdemeanor offenses, specifically states that: "the court shall hold an evidentiary hearing on restitution if the offender, victim, or survivor disputes the amount of restitution." R.C. 2929.28(A)(1). Simply put, "[a] trial court is required to conduct a hearing on restitution *only if the offender, victim, or survivor disputes the amount of restitution ordered*." (Emphasis added.) *State v. Lalain*, 2013-Ohio-3093, ¶ 27. As previously discussed, the victim's representative did not object to the trial court's failure to award Meker Iron restitution or request a restitution hearing. Accordingly, a restitution hearing was not necessary or required in this case.

{¶ 17} Because Merker Iron cannot request restitution for the first time on appeal, cannot establish plain error with regard to the trial court's failure to award it restitution, and was not entitled to a restitution hearing, its sole assignment of error lacks merit and is overruled.

## Conclusion

{¶ 18} Having overruled Merker Iron's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and TUCKER, J., concur.